IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY JOHNSON,<br><br>    Plaintiff,<br><br> v.<br><br>S. D'ILLIO, et al.,<br><br>    Defendants. | Civil Action<br>No. 15-1816 (AET-LHG)<br><br>**OPINION** |

APPEARANCES:

Larry Johnson, Plaintiff Pro Se
#552746/694526C
New Jersey State Prison
Second & Cass Street, PO Box 861
Trenton, New Jersey 08625

RECEIVED
JUL 2 8 2015
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

**I. INTRODUCTION**

  Before the Court is Plaintiff Larry Johnson's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Entry 1). Plaintiff is a convicted and sentenced state prisoner currently confined at New Jersey State Prison ("NJSP"), Trenton, New Jersey. By Order dated May 7, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Docket Entry 4). At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint shall be dismissed with leave to amend.

## I. BACKGROUND

On March 11, 2015, Plaintiff filed a complaint against NJSP Administrator Stephen D'Illio, NJSP Social Worker M. Fon, and John Doe Supervisors of the NJSP Classification department, and John Doe Parole Counselors. (Docket Entry 1). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

According to Plaintiff's complaint, Administrator D'Illio refused to transfer Plaintiff out of a "hostile environment." He also asserts that D'Illio is part of a conspiracy to have Plaintiff killed upon his release date by "inside NJSP corruption and undercover gang members status [sic]." (Docket Entry 1 at 4).

Plaintiff also asserts that the Supervisors of the NJSP Classification departments refused to transfer Plaintiff out of the "hostile environment," and that they are part of the conspiracy. (Docket Entry 1 at 5). He states the Parole Counselors are aware of the hostile environment and the fact that he is housed with prisoners serving life terms, however

they have refused to transfer him to Pennsylvania so that Plaintiff may be released there on his max out date. (Docket Entry 1 at 5).

Plaintiff states Mr. Fon denied numerous requests for remedies due to the fact that he "is brothers to SCO/Sgt. Carl Stout in NJSP." (Docket Entry 1 at 6).[1] He also states Mr. Fon is part of the conspiracy to kill him upon his release. (Docket Entry 1 at 6).

Plaintiff asks this Court to remove the defendants from their positions and to award him $12.5 million in damages. (Docket Entry 1 at 8).

## II. DISCUSSION

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim

---

[1] The Court notes that Carl Stout is a defendant in one of Plaintiff's other § 1983 complaints, *see Johnson v. Stout et al.*, Civil Action No. 3:14-cv-07388 (D.N.J).

3

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

5

under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Cruel and Unusual Punishment**

Plaintiff appears to raise violations of the Eighth Amendment right to be free from cruel and unusual punishment due to Defendants' deliberate indifference to the hostility and threats leveled against him.

Deliberate indifference on the part of prison officials "describes a state of mind more blameworthy than negligence[,]" *Farmer v. Brennan*, 511 U.S. 825, 835 (1978), and must be more than "ordinary lack of due care for the prisoner's interests or safety." *Ibid.* "[A] prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's conclusory allegations against Defendants fail to state a claim upon which relief may be granted. Plaintiff admits he did not pursue administrative remedies against any of the Defendants, (Docket Entry 1 at 6), and there are no allegations, beyond Plaintiff's conclusory statements, that any

6

of them were aware "of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Farmer*, 511 U.S. at 837. Plaintiff likewise has not alleged any facts in his complaint that would permit this Court to infer Defendants did in fact draw an inference that there is a substantial risk of serious harm. *See Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). This claim must be dismissed, however Plaintiff shall be given leave to amend.

### D. Conspiracy

Plaintiff also appears to allege that the Defendants engaged in a conspiracy to have him killed upon his release from prison. (Docket Entry 1 at 36). "To make out a conspiracy claim under § 1983, [Plaintiff] must show that 'persons acting under color of state law conspired to deprive him of a federally protected right.' As a threshold matter, however, a § 1983 conspiracy claim only arises when there has been an actual deprivation of a right." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999)).

7

Plaintiff has failed to allege Defendants all acted in concert to deprive him of a federally protected right. Furthermore, he has not alleged that there has been an actual deprivation of any right. This claim must also be dismissed, however Plaintiff shall be given leave to amend.

### E. Retaliation

Finally, Plaintiff appears to allege a retaliation claim against Defendant Fon. Plaintiff asserts Defendant Fon denied him remedial assistance due to his close association with Sgt. Stout and the fact that Plaintiff filed a lawsuit against Sgt. Stout.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution . . . ." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). To prevail on a retaliation claim, Plaintiff must demonstrate that "(1) he had engaged in constitutionally-protected conduct; (2) he suffered adverse action by prison officials that is sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of the constitutional right and the adverse action taken against him." *Obiegbu v. Loretto*, 577 F. App'x 94, 95 (3d Cir. 2014) (citing *Carter v. McGrady*, 292 F.3d 152, 157-58 (3d Cir. 2002); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).

8

The question of whether Plaintiff engaged in a protected activity is a question of law. *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). It is clear Plaintiff engaged in a constitutionally protected activity when he filed a lawsuit against Sgt. Stout. *Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011) (per curiam) ("[T]he filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity."). Assuming for screening purposes only that a reasonable person would be dissuaded from pursuing further legal action by the denial of "remedy assistance," the alleged harm suffered by Plaintiff, (Docket Entry 1 at 6), Plaintiff fails to sufficiently plead a causal connection between the protected activity and the alleged harm. His complaint contains no facts suggesting that Defendant Fon denied Plaintiff's institutional remedy requests out of a "substantial or motivating" desire to punish Plaintiff for pursuing a cause of action against Sgt. Stout, nor any facts suggesting Defendant Fon even knew of the suit. *See generally Rauser*, 241 F.3d at 333. This claim must therefore be dismissed, however Plaintiff may amend this claim to address the deficiencies.[3]

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes

9

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. As Plaintiff may be able to correct the deficiencies noted herein, however, he shall be granted leave to amend the complaint. An appropriate order follows.

July 28, 2015
Date

ANNE E. THOMPSON
U.S. District Judge

---

omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

10